UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| John-Henry Doe, | Case No. 0:18-cv-3221-WMW-KMM |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Mower County Health and Human Services Office of Child Support, | |
| Defendant. | |

---

This report and recommendation addresses the sufficiency of a complaint brought under 42 U.S.C. § 1983. The *pro se* plaintiff filed this action pseudonymously under the name John-Henry Doe,[1] alleging that Mower County Health and Human Services Office of Child Support (hereafter "Mower County" or "the County") engaged in fraud and violated his federal constitutional rights. (*See generally* Compl., ECF No. 1.) In the Complaint, the plaintiff appears to assert that Mower County falsely represented that he was required to make child-support payments and that these payments were for the best interests of a child and custodial parent. However, he contends that the payments were really "only intended to benefit the STATE Treasury." (*Id.* at 5.) He claims that he relied on this false representation to his detriment when he made the payments. (*Id.* at 5–6.)

The County filed a Motion to Dismiss the Complaint. (Def.'s Mot., ECF No. 6.) The County argues that the Complaint should be dismissed pursuant to Rules 10 and 12(b)(6) and of the Federal Rules of Civil Procedure "because the complaint has been brought in a false name, and fails to state a claim upon which relief may be granted." (*Id.*) Having reviewed the Complaint, the Court concludes that the plaintiff has failed to

---

[1] Ordinarily, the undersigned refers to an individual by his or her last name when drafting orders and reports and recommendations. However, because the plaintiff has filed this case using a pseudonym, the Court will refer to him as "the plaintiff."

1

state a claim upon which relief can be based. Accordingly, the Court recommends that the Complaint be dismissed.

I.   **The Complaint**

Because the plaintiff is *pro se*, the Court must read his Complaint liberally. This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, the permissive lens applied to review of *pro se* pleadings does not mean that the Court should "assume facts that are not alleged," even if additional factual allegations "would have formed a stronger complaint." *Id.*

Adopting a liberal reading of the Complaint, the plaintiff essentially claims that the County fraudulently induced him into making child-support payments by misrepresenting that such payments were intended for the best interests of a child and the custodial parent. Specifically, the plaintiff alleges that the County's website contains a false and misleading statement that "'[e]very child needs financial and emotional support and every child has the right to support from both parents. Minnesota's child support program benefits children by enforcing parental responsibility for their support.'" (Compl. at 6.) To the contrary, he asserts that child support "is NOT a 'right' nor does it 'benefit' children in anyway [sic], especially if the Claimant may face possible incarceration for failing to pay!" (*Id.*) This alleged fraud resulted in the following harm:

> [The County's fraud caused the plaintiff to] make regular payments to the Defendants [sic] franchise, or face possible incarceration for the failure to pay a 'civil debt,' which is forced labor and a form of debt slavery, which again, is in violation of the claimant's natural rights secured by the Constitution of the United Stats of America and the Laws thereof.

(*Id.* at 5; *see also id.* (claiming that the County engaged in this "scheme ... to increase their franchise profits and increase their salaries....").)

In a document filed several months after his initial Complaint, the plaintiff provided a bit more factual elaboration for his claim. He alleges that in October of 2009,

2

the County required that he make monthly child-support payments of $60. (Declaration of Claimant's Facts ("Pl. Decl.") ¶ 1, ECF No. 31.) Now, a cost-of-living adjustment has been applied to his support obligation, so the County is garnishing nearly $65 of his wages every month. (*Id.* ¶ 5.) But approximately $17 of the funds garnished from his wages is paid to the County to cover interest and fees, rather than being paid to the plaintiff's child. (*Id.*)

In the Complaint, the plaintiff's statement of the claim concludes with the following:

> For an inferior agency to interfere with a man's private family life, so in order to make a profit off of him in which they have no authority to be involved with in the first place, and then force that man to pay them or be threaten [sic] with incarceration is a complete violation of natural law and the antithesis of the 4th Amendment of the Constitution and the Republic in which this government was founded upon. Furthermore Defendants are partaking in Genocide, in which they promote the removal of a child from one parent so to be with the other parent the majority of the time, in order to enforce their child support services and make a profit, ,which is a violation of International law. Wake up!

(Compl. at 6.)

## II.   Failure to State a Claim

The County argues that the plaintiff's Complaint should be dismissed "because it is frivolous and fails to state a claim." (Def.'s Mem. at 6–8.) The County seeks dismissal under Rule 12(b)(6), suggests that a number of applicable governmental immunities would bar his claims, and that the plaintiff fails to satisfy the particularity requirement for claims that are based in fraud.[2] Because the Court concludes that the Complaint

---

[2]   The Court declines to address the County's invocation of immunities at this time. The County may be ultimately be correct that "Plaintiff's Complaint could never survive the maze of applicable government immunities," (Def.'s Mem. at 7), but the County does not explain how any particular form of immunity applies to the lone defendant identified in the plaintiff's Complaint. Moreover, although the County cites 28 U.S.C. § 1915(e)(2)(B) in its brief, given the recent order from the District Court in *Doe v. Mower County Sheriff Office, et al.*, No. 18-cv-3152, Doc. No. 7 (D. Minn. Mar. 11, 2019), and the fact that the County has moved to dismiss, the Court will not revisit the plaintiff's IFP application and the sufficiency of the Complaint under that § 1915's screening mechanism.

lacks sufficient factual allegations to state a claim that is plausible on its face, the Court recommends that this action be dismissed. Moreover, to the extent the plaintiff has attempted to plead a claim of fraud, his allegations are even more inadequate.

### Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A complaint that contains only labels and conclusions or merely recites the elements of a cause of action is insufficient. *Id.* A court does not accept such legal conclusions as true "when considering the sufficiency of a complaint." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015).

### Proper Local Government Defendant

As an initial matter, the Court observes that the only defendant named in the Complaint is the Mower County Health and Human Services Office of Child Support. The plaintiff filed notices suggesting that he may have wanted to add two individual defendants (Jodi Krueger and Megan Burroughs) to this action. (*See* "Judicial Notice," ECF No. 23; "Judicial Notice: Notice of Suit Against Joinder Defendants In Their Individual and Official Capacities," ECF No. 24.) Jodi Krueger is the "supervisor of the child support enforcement department" for the County (ECF No. 10 ¶ 1), and Megan Burroughs is an Assistant Mower County Attorney (ECF No. 11 ¶ 1). The plaintiff attempted to add both Ms. Krueger and Ms. Burroughs to this case only after each of them filed declarations in support of the County's motion to dismiss. However, the Complaint was never amended and these individuals have never been served with a summons and complaint. The Court concludes that neither Ms. Krueger nor Ms. Burroughs are actually parties in this case. Moreover, nowhere in the various documents filed with the Court does the plaintiff allege any facts regarding the conduct of either Ms. Krueger or Ms. Burroughs. As such, even if the Court were to construe the plaintiff's "Judicial Notice" documents as motions to amend, those motions would be denied based on futility. *See Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (explaining that leave to amend may be denied for futility

when "the proposed amended complaint cannot survive a motion to dismiss for failure to state a claim").

Though Mower County Health and Human Services Office of Child Support is the entity identified as a defendant in the Complaint, the plaintiff's § 1983 case cannot proceed against it. Local governments are "persons" to whom § 1983 applies. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 (1978) (providing for § 1983 liability for local governments in certain circumstances). However, courts consistently hold that arms of local governments, such as county departments or county agencies, are not subject to suit. *See, e.g., Simon v. Anoka County Soc. Servs.*, No. 12-cv-2754 (SRN/JSM), 2014 WL 6633077, at *7 (D. Minn. Nov. 21, 2014) ("Although the actions of a county department or commission may subject the county itself to liability, a county department or commission itself is not a proper defendant subject to suit in a section 1983 lawsuit.") (internal quotations and brackets omitted); *Tisdell v. Crow Wing County*, (LIB/PJS), 2014 WL 1757929, at *3-4 (D. Minn. Apr. 30, 2014) (concluding by reference to Minn. Stat. §§ 412.111 and 412.211, which provide that municipalities have the authority to sue and be sued, that a county sheriff's department in Minnesota is not subject to suit under § 1983); *In re Scott County Master Docket*, 672 F. Supp. 1152 n.1 (D. Minn. 1987) (concluding that "non-legal entities such as the Scott County Attorney's Office and Scott County Sheriff's Department ... are not legal entities subject to suit").

Consistent with these cases, the Court concludes that Mower County Health and Human Services Office of Child Support is not subject to suit under § 1983. Nevertheless, because he proceeds *pro se*, the Court will further analyze the sufficiency of the plaintiff's allegations and treat the Complaint as having been brought more properly against Mower County itself.

### Sufficiency of the Allegations

The first step in determining whether the Complaint states a plausible claim against the County is identifying the well-pleaded factual allegations. In this case, that task is complicated by the plaintiff's reliance throughout his filings on conclusory assertions, legal argument, and other extraneous matter. His submissions are rife with citations to inapplicable cases, religious texts, and other material that shed no light on the factual basis for his claims. These assertions cannot form the basis of a plausible

5

entitlement to relief. Accordingly, much of what the plaintiff has filed is unhelpful when analyzing the sufficiency of the Complaint.

Setting aside the superfluous material in the Complaint and elsewhere in the record, the extent of the relevant factual allegations is fairly limited. In October 2009, the plaintiff was required to begin making payments of $60 per month in child support by Mower County authorities. At some point, that amount increased to $65 per month to cover a cost-of-living adjustment. However, approximately $17 of that monthly payment is used to cover fees and interest and does not go directly to the plaintiff's child or the custodial parent. The plaintiff does not make these monthly payments himself; instead $65 is garnished every month from his wages. At some point, the County published a statement on its website indicating that child support is a right and that child-support payments are used for the best interests of the child.

Even accepting these facts as true, the plaintiff fails to state a claim for relief under 42 U.S.C. § 1983. Although the Complaint, properly construed, perhaps alleges that Mower County violated the plaintiff's constitutional rights, "[a] county may be liable for a constitutional violation under § 1983 only if the violation resulted from a policy or custom of the municipality." *Calgaro v. St. Louis Cty.*, 919 F.3d 1054 (8th Cir. 2019). The Complaint fails to identify any policy or custom that was the moving force behind any alleged violation in this case. *See id.* The plaintiff's Complaint broadly refers to unspecified "customs, usage, practices and policies under State statutes," (Compl. at 4), but these conclusory allegations are insufficient. *See id.* (rejecting the plaintiff's "conclusory allegation that the County acted based on a policy or custom [as] insufficient to state a claim"); *see also Proctor v. Title 4-D*, 318 F. Supp. 3d 337, 345 n.5 (D.D.C. 2018) (concluding in a similar constitutional challenge to child-support obligations imposed by a local government department that even if the District of Columbia were substituted as a party for the D.C. Child Support Services Division, the plaintiff's complaint was "devoid of any allegations of a municipal policy or custom that caused his injury"). Because there are no facts alleged regarding a policy, custom, or practice that was the moving force behind any alleged constitutional violation in this case, the Court concludes that the plaintiff has failed to state a claim under § 1983 for violation of a constitutional right.

6

### *Allegations of Fraud*

As noted above, some of the plaintiff's claims of wrongdoing are couched in the language of fraud. The Federal Rules of Civil Procedure require a party alleging fraud to "state with particularity the circumstances constituting fraud...." Fed. R. Civ. P. 9(b). "Rule 9(b) requires plaintiffs to plead the who, what, when, and how: the first paragraph of any newspaper story." *Zayed v. Associated Bank, N.A.*, 779 F.3d 727, 733 (8th Cir. 2015) (internal quotations omitted).

It is unclear whether the plaintiff believes that the fraudulent scheme he alleges in his Complaint is part of his constitutional claim or whether he seeks to assert a supplemental state law claim. If, in fact, the plaintiff is attempting to bring a fraud claim under Minnesota common law, his Complaint must show:

> (1) a false representation of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made without knowing whether it was true or false; (3) with the intention to induce action in reliance thereon; (4) that the representation caused action in reliance thereon; and (5) pecuniary damages as a result of the reliance.

*U.S. Bank N.A. v. Cold Spring Granite Co.*, 802 N.W.2d 363, 373 (Minn. 2011)) (internal quotation marks omitted).

The Complaint here fails to satisfy the heightened pleading standard for fraud claims and fails to allege facts that could satisfy several required elements. The only alleged false representation referenced in the Complaint is a statement on Mower County's website: "Every child needs financial and emotional support and every child has the right to support from both parents. Minnesota's child support program benefits children by enforcing parental responsibility for their support." (Comp. at 6.) Though the plaintiff asserts that this representation is false, his conclusory allegation is not enough. His reference to the fact that some portion of his garnished wages goes to interest and fees also does not show that the statement was a false representation of present or past fact. Moreover, there are no facts alleged that show the statement was included on the County's website to induce the plaintiff to take any action in reliance on it, nor that the plaintiff actually relied on the representation. *See Zimmerschied v. JP Morgan Chase Bank, N.A.*, 49 F. Supp. 3d 583, 594 (D. Minn. 2014) ("A plaintiff's

detrimental reliance is an essential element of a common law fraud claim.") (internal quotations omitted). Instead, the Complaint suggests that the plaintiff was ordered to make child-support payments in October of 2009, failed to do so, and ultimately faced garnishment of his wages. This suggests that he was not induced to take any action at all based on a representation made by the County, but was obligated to make child-support payments through garnishment following a failure to comply with a child-support order.

Because the Complaint does not comply with Rule 9(b) and lacks factual allegations that establish several elements of a fraud claim the Court concludes that the Complaint fails to state a claim for fraud.

### *Title IV-D Allegations*

Further, the plaintiff appears to base some portion of his fraud theory on a federal program that provides aid to state governments for enforcement of child-support obligations. He alleges that he was "fraudulently induced ... pursuant of the title IV-D Sec. 403 'Grants,' and possibly others, to enter into the terms of a personal responsibility 'quasi-contract' (*fictional contract*)." (Compl. at 5.) This assertion references Title IV-D of the Social Security Act, which established a federal grant program to assist compliant states in enforcing child-support obligations. *See* 42 U.S.C. §§ 651–62. When a state establishes a plan that meets certain Title IV-D requirements, such as creating programs for locating absent noncustodial parents, establishing paternity, and obtaining child and spousal support, *see* 42 U.S.C. § 652(a)(1), the federal government provides funds to that state to reimburse its operation of the plan, *id.* §§ 655(a)(1)(A), and 655(a)(2)(C).

The plaintiffs' reference to Title IV-D and his citation to *Blessing v. Freestone*, 520 U.S. 329 (1997), are, at best, confusing. In *Blessing*, the plaintiffs were recipients of welfare benefits through Arizona's participation in a federal Aid to Families with Dependent Children ("AFDC") program. For a state to receive federal AFDC funds, it was required to create a child-support enforcement program that was in substantial compliance with Title IV-D. *Id.* at 333. To ensure they would receive the AFDC benefits, the plaintiffs filed suit under 42 U.S.C. § 1983 to force Arizona to adopt a substantially compliant Title IV-D program. However, the Supreme Court held that

8

"Title IV-D does not give individuals a federal right to force a state agency to substantially comply with Title IV-D." *Id.* at 332. This holding has nothing to do with the plaintiff's case. Nowhere does the plaintiff allege that Minnesota should be forced to come into substantial compliance with Title IV-D, and even if he did, *Blessing* would foreclose such relief under § 1983.

The plaintiff points to the following language in *Blessing* to apparently support his contention that Mower County engaged in fraud: "[T]he requirement that a State operate its child support program in 'substantial compliance' with Title IV-D was not intended to benefit individual children and custodial parents, and therefore it does not constitute a federal right." *Blessing* 520 U.S. at 343; (Compl. at 5 (citing *Blessing*, 520 U.S. at 343).) He suggests that this language illustrates the County made an actionable misrepresentation when it stated that children have a right to support from both parents and that Minnesota's child support program benefits children. (Compl. at 6.) But the plaintiff contorts this language from *Blessing*. The essence of the plaintiff's claim is that he should not be required by the County to make child-support payments, and *Blessing* says nothing about that issue. The cited passage only reinforces that an individual cannot use a § 1983 lawsuit to force a state to come into compliance with Title IV-D.

The record contains a document that may provide some insight into why the plaintiff is referencing Title IV-D of the Social Security Act. Exhibit 1 to the plaintiff's "Writ of Discovery," is a redacted copy of a Mower County District Court Order to Show Cause-Contempt. (Writ of Discovery, Ex. 1, ECF No. 22-1.) This Order requires the obligor, presumably the plaintiff in this case, to personally appear and show cause in connection with a contempt action that was pursued by Ms. Burroughs on behalf of the County. (*Id.*; *see also* Burroughs Decl. ¶ 2 ("I have brought contempt proceedings against [the plaintiff] for failing to pay child support."), ECF No. 11.) The caption of the Mower County District Court Order lists a Title IV-D case number: "IV-D Case No.:0011837927-01." (Writ of Discovery, Ex. 1.) "A Title IV-D case commonly refers to cases in which the child support enforcement agency is enforcing the child support order pursuant to Title IV-D of the Social Security Act." *Williams v. Wayne County Friend of Court*, No. 16-cv-12888, 2017 WL 3944393, at *1 n.1 (E.D. Mich. July 14, 2017). In Minnesota this happens "where a party has assigned to the state rights to child support because of the receipt of public assistance … or has applied for child

9

support services under title IV-D of the Social Security Act." Minn. Stat. § 518A.26, subd. 10. Finally, like the broader allegations of fraud in the Complaint, the plaintiff's allegation that he was fraudulently induced "to make a commitment to the Defendants to cooperate in the payment of Title IV-D" fails to establish any of the essential elements of a fraud claim. (Compl. at 5.) For these reasons, the Court concludes that the plaintiff has failed to state a claim based on his allegations concerning Minnesota's Title IV-D program.

### III.   Pseudonymous Pleading

The County takes the position that the Court "should dismiss this action with prejudice because plaintiff has instituted this action in a name other that [sic] his true legal name and plaintiff, whoever he might really be, has filed other related meritless actions in this Court which earlier actions have been summarily dismissed by this Court." (Def.'s Mem. at 5, ECF No. 8.) In support of this argument, the County relies on Federal Rule of Civil Procedure 10 and cases requiring a plaintiff seeking to proceed under a pseudonym to file a motion obtaining permission from the court. (*Id.* at 5–6.) Because the Court has concluded that the plaintiff fails to state a claim, it does not consider whether dismissal would also be appropriate based on the anonymous filing of the Complaint. However, the Court notes that it shares many of the County's concerns with the use of anonymous pleading in this case, and if the District Court disagrees with the assessment that this matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will revisit the issue of pseudonymous pleading upon the filing of an appropriate motion.

Rule 10 governs the form of a complaint, and provides that "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a). Despite this requirement, some courts have permitted a plaintiff to litigate a case under a pseudonym such as "John Doe." The Eighth Circuit has not specifically addressed when a plaintiff may proceed using a pseudonym, but several courts have held that when a plaintiff wants to bring a case anonymously, he must first seek permission from the district court through a motion or petition. *See Caspers v. Nat'l Railroad Passenger Corp.*, 673 Fed App'x 591, 593 (8th Cir. 2016) (per curiam) (declining to consider certain implications of failure to name all the parties as required by Fed. R. Civ. P. 10(a)

10

and citing *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001)). This Court has previously noted that although there is a presumption in favor of litigants using their own names, an exception exists for cases that involve "intensely personal matters," where the plaintiff's privacy interests are weightier. *Doe v. University of St. Thomas*, No. 16-cv-1127 (ADM/KMM), 2016 WL 9307609, at *1 (D. Minn. May 25, 2016) ("Predictably, there are exceptions to Rule 10(a) and countervailing considerations can overcome the presumption. In cases involving intensely personal matters, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy.") (internal quotations omitted). Courts have identified several factors that play into the decision whether to allow a plaintiff to proceed using a pseudonym. *Id.* at *1–2 (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992), and quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)).

The plaintiff in this case did not file a motion seeking permission to proceed anonymously along with his Complaint. Most of his later filings do not address the issue.[3] However, he has asserted that both his privacy interests and his concerns about retaliation by the County justify his use of the "John-Henry Doe" pseudonym. (Claimant's Coutnercl. to Def.'s Mot. to Dismiss at 1–3, ECF No. 26; Claimant's Mem. of Law in Supp. of Countercl. of the Def.'s Mot. to Dismiss at 2–4. ECF No. 27.) Even had he sought the needed permission, it is unlikely such a request would be granted.

The Court seriously doubts whether this case involves issues that are of such intensely personal matters that the plaintiff should be permitted to proceed under a pseudonym. Instead, his privacy and that of his minor child could be adequately protected through other means, such as the redaction of certain information from publicly available documents or the sealing of uniquely sensitive exhibits. *See* Fed. R. Civ. P. 5.2(a) (requiring certain redactions); D. Minn. LR 5.6 (concerning the filing under

---

[3]   *See* "Writ of Precipae," ECF No. 21; "Writ of Discovery," ECF No. 22; "Judicial Notice," ECF No. 23; "Judicial Notice: Notice of Suit Against Joinder Defendants In Their Individual and Official Capacities," ECF No. 24; "Request of U.S. Marshall Services," ECF No. 25; "Memorandum of Law Natural Law Rights," ECF No. 28; "Memorandum of Law 'Torah,'" ECF No. 29; "Judicial Notice [of] Facts Pertaining to 'Child Support Provisions,'" ECF No. 30; "Declaration of Claimant's Facts," ECF No. 31; "Declaration of the Law Conclusions of Statements of Facts," ECF No. 32; "Response," ECF No. 34.

temporary seal in connection with motion practice). Moreover, even were Mr. Doe permitted to use a pseudonym on the docket and in public pleadings, he would certainly be required to disclose his name and other information to Mower County so that it could defend against the allegations in the lawsuit. However, the Court declines to decide at this time whether the appropriate remedy for the plaintiff's improper use of a pseudonym would be dismissal as the County suggests, or affording the plaintiff the opportunity to file his lawsuit under his true name.

## IV. Recommendation

Based on the proposed findings and conclusions above, **IT IS HEREBY RECOMMENDED THAT** Mower County Health and Human Services Office of Child Support's Motion to Dismiss **(ECF No. 6)** be **GRANTED** and this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

Date: May 13, 2019                     *s/Katherine Menendez*
                                       Katherine Menendez
                                       United States Magistrate Judge