UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John-Henry Doe, | Case No. 18-cv-3221 (WMW/KMM) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| Mower County Health and Human Services Office of Child Support, | |
| Defendant. | |

This matter is before the Court on the May 13, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez. (Dkt. 35.) The R&R recommends granting Defendant's motion to dismiss for failure to state a claim. Plaintiff John-Henry Doe filed timely objections to the R&R. For the reasons addressed below, the Court overrules Doe's objections, adopts the R&R, and dismisses this action without prejudice.

**BACKGROUND**

Plaintiff brought this case under the pseudonym John-Henry Doe against Mower County Health and Human Services Office of Child Support.[1] Doe alleges that Mower County violated his constitutional rights and fraudulently induced him to make child-support payments. In particular, Doe challenges a statement published on Mower County's

---

[1] As the R&R recognizes, Mower County Health and Human Services Office of Child Support is not a legal entity subject to suit. However, consistent with the R&R's analysis, the Court liberally construes Doe's *pro se* complaint as against Mower County.

website that "[e]very child needs financial and emotional support and every child has the right to support from both parents. Minnesota's child support program benefits children by enforcing parental responsibility for their support." Doe characterizes this statement as fraudulent. Doe also complains that, because Mower County used a portion of his child-support payments to cover interest and fees, the entire amount of his payments was not distributed to his child. Mower County moved to dismiss Doe's complaint on two grounds: Doe filed under a false name and he failed to state a claim.

The R&R recommends granting Defendant's motion to dismiss because Doe failed to state a claim on which relief can be granted. The R&R concludes that Doe has not stated a claim under Title 42, United States Code, Section 1983, a claim for fraud, or any claim related to Title IV-D of the Social Security Act. Doe filed objections that, when construed liberally, challenge each of the R&R's conclusions.

## ANALYSIS

After a party files and serves specific written objections to a magistrate judge's proposed findings and recommendations, the district court reviews de novo those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1)(c); LR 72.2(b)(3). When doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Because Doe is proceeding *pro se*, the Court liberally construes his complaint and objections. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I. Failure to State a Claim

A complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. *See* Fed. R. Civ. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. And legal conclusions couched as factual allegations may be disregarded. *See Iqbal*, 556 U.S. at 679. Doe's claims asserted against Mower County are addressed in turn.

### A. Civil Rights Violation

Doe alleges that Mower County violated Doe's constitutional rights by inducing him to pay child support. In response, Mower County contends that Doe's allegations are frivolous and incomprehensible.

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

3

42 U.S.C. § 1983. To state a Section 1983 claim against a municipality, a plaintiff must allege that either a municipal policy, an unofficial municipal custom, or the inadequate training of the municipality's employees caused a constitutional injury. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (training); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (policy or custom); *see also Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997). Even if a plaintiff is not privy to the facts necessary to describe with specificity the municipal custom, the complaint must allege facts that would support the existence of a municipal custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004).

Doe's complaint contains no facts supporting the existence of a Mower County policy, custom, or practice that was the moving force behind any alleged constitutional violation. Nor do Doe's objections include any allegations of a county policy, custom, or practice. Without such allegations, Doe fails to state a Section 1983 claim.

For this reason, the Court overrules Doe's objection to the R&R's conclusion that Doe fails to state a Section 1983 claim.

### B. Fraud

Doe alleges that Mower County fraudulently induced him to make child-support payments. To the extent that Doe's fraud allegations are distinct from his Section 1983 claim, the Court interprets Doe's claim as a Minnesota common-law fraud claim. Mower County moves to dismiss Doe's fraud claims for failure to plead with particularity.

To state a claim for common-law fraud under Minnesota law, a plaintiff must allege that (1) a party falsely represented a past or existing material fact that is susceptible of

4

knowledge, (2) the party made the representation either knowing that it was false or without knowing if the representation was true or false, (3) the party intended to induce another to act in reliance on the representation, (4) the plaintiff acted in reliance on the representation, and (5) the plaintiff consequently suffered pecuniary damage. *Angeles v. Medtronic, Inc.*, 863 N.W.2d 404, 422 (Minn. Ct. App. 2015). A party pleading a fraud claim "must state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), and must "identify specifically the who, what, where, when, and how of the alleged fraud," *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (internal quotation marks omitted). In addition, the allegations must present "facts that give rise to a strong inference of fraudulent intent." *Dunnigan v. Fed. Home Loan Mortg. Corp.*, 184 F. Supp. 3d 726, 741 (D. Minn. 2016) (internal quotation marks omitted).

Doe's fraud allegations are based primarily on the following statement on Mower County's website, "Every child needs financial and emotional support and every child has the right to support from both parents. Minnesota's child support program benefits children by enforcing parental responsibility for their support." But Doe fails to allege how this statement constitutes a fraudulent misrepresentation. Notably, Doe alleges no facts indicating that Mower County intended to induce reliance on this statement or that *he* relied on this statement. Rather, Doe's allegations indicate that the child-support payments were being garnished from his wages. Doe did not make any payments in reliance on any representation. Any payments that Doe made were to fulfill his child-support obligation. And Doe's conclusory argument that Mower County's statement withheld material facts about its child-support program in order to induce Doe to pay child support not only

5

contradicts the facts alleged, but also fails to establish a "strong inference" of any fraudulent intent by Mower County. *See id.*

For these reasons, Doe's objection to the R&R's conclusion that he has not stated a claim for fraud is overruled.

### C. Title IV-D Allegations

Doe also references Title IV-D of the Social Security Act throughout his filings. Under Title IV-D, states must provide certain child-support enforcement services in order to be eligible for federal funding in the Aid to Families with Dependent Children program. 42 U.S.C. §§ 651-669b. But for the same reasons addressed above, to the extent that Doe relies on Title IV-D in support of his claims, his allegations relating to Title IV-D do not remedy the defects of either the Section 1983 claim or the fraud claim.

Even if Doe's Title IV-D allegations are interpreted as distinct from his other claims, these Title IV-D allegations fall short of stating an actionable claim. Doe contends that he has a right *not* to comply with any child-support obligations. In advancing this argument, he relies on *Blessing v. Freestone*, in which the United States Supreme Court held that "Title IV-D does not give individuals a federal right to force a state agency to substantially comply with Title IV-D." 520 U.S. 329, 332 (1997). But *Blessing* does not support Doe's argument for at least two reasons. First, *Blessing* is irrelevant to the issue raised here, as Doe does not challenge Minnesota's compliance with Title IV-D. Second, even if he did,

*Blessing* holds that a party, in this case Doe, does not have an individual right under which to pursue such an action.[2]

Because Doe's reference to Title IV-D does not state a claim for a violation of Section 1983, a fraud claim, or any other potentially relevant claim, his objection to the R&R's conclusions as to Title IV-D is overruled.

## II. Filing Under a False Name

Mower County alternatively moves to dismiss Doe's complaint for filing under a false name. Because the R&R recommends dismissing the action for failure to state a claim, the R&R does not reach this issue. Nor does this Court reach this issue in light of the foregoing analysis.[3]

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The May 13, 2019 R&R, (Dkt. 35), is **ADOPTED**.

2. Defendant's motion to dismiss, (Dkt. 6), is **GRANTED**.

3. This action is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 15, 2019          s/Wilhelmina M. Wright
                                Wilhelmina M. Wright
                                United States District Judge

---

[2] Doe's objections fare no better, as he continues to misinterpret *Blessing*'s holding.

[3] Mower County also requests that the Court impose sanctions on Doe for repeated, frivolous filings. The Court declines to do so at this time.